## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA L. FRANCESE and<br>ROCCO R. GIORDANO, | : <br> : <br> :     CIVIL ACTION NO. |
| Plaintiffs, | : |
| v. | : |
| NARRAGANSETT BAY INSURANCE<br>COMPANY, SICA CONSTRUCTION, INC.,<br>SELECTIVE INSURANCE COMPANY OF<br>AMERICA, CONOVER BEYER<br>ASSOCIATES, INC. and MARYANN<br>MCMAHON, | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## <u>NOTICE OF REMOVAL</u>

Defendant, SELECTIVE INSURANCE COMPANY OF AMERICA ("Selective"), is a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA"),[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] Selective files this Notice of Removal and hereby removes this matter from the Superior Court of New Jersey, Ocean County to the docket of this Honorable Court, and in support thereof avers as follows:

I.

On November 8, 2013, plaintiffs Linda L. Francese and Rocco R. Giordano (collectively, "Plaintiffs") filed a lawsuit captioned "*Linda L. Francese and Rocco R. Giordano v. Narragansett Bay Insurance Company, SICA Construction, Inc., Selective Insurance Company of America, Conover Beyer Associates,*

---

[1]  *See* 42 U.S.C. §4001 *et seq.*
[2]  44 C.F.R. §62.23(f).
[3]  42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

*Inc. and Maryann McMahon"* in the Superior Court of New Jersey, Ocean County, Docket No. L3167-13.  A true and correct copy of the Complaint is attached hereto as Exhibit A.  The Complaint was served on Selective on November 15, 2013.  No other processes, pleadings or orders have been served on Selective to date.

II.

For the reasons that follow, Selective hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1), Art. IX, 28 U.S.C. §§1331, and 28 U.S.C. § 1367.

## A.   REVIEW OF THE PLAINTIFFS' COMPLAINT

1. Plaintiffs seek a judgment against Selective based on the denial of certain coverage under their flood policy of insurance.

2. The Complaint provides as follows:

> Paragraph 71.       By reason of the negligence and/or misrepresentations made by the defendant Selective through its agents, defendants Conover Beyer and/or McMahon, the plaintiffs have sustained damages.
>
> WHEREFORE, plaintiffs Linda L. Francese and Rocco R. Giordano demand judgment against the defendant Selective Insurance Company of America on the Eighth Count of the Complaint for compensatory damages, together with reasonable attorney's fees, interest and costs of suit.

3. Thus, through the instant lawsuit, the Plaintiffs seek judgment against Selective under their flood policy of insurance for purported unpaid flood damages associated with Plaintiffs' flood loss claim.[4]

---

[4] *See* Plaintiff's Complaint at Pages 2 and 3 "Prayers for Relief."

2

## B.   THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

4.   Selective, as a WYO Program carrier, is authorized to issue the SFIP on behalf of the federal government pursuant to the "Arrangement" between itself and the Federal Emergency Management Agency ("FEMA"), set forth at 44 C.F.R. Pt. 62, App. A.  The SFIP is incorporated into the Code of Federal Regulations by reference at 44 C.F.R. § 61.13.

5.   Selective cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. § 61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII (D).

6.   All flood claim payments made by a WYO Program carrier, such as Selective, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.  *See Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998) (stating that "regardless whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insured's claims") citing *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998) (holding that "payments made pursuant to that policy are 'a direct charge on the public treasury'").  Moreover, the Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest in *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001).  The court noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Id.* at 1311.

7.   Any judgment that might be rendered in this case against Selective arising out of how it adjusted Plaintiff's SFIP claim would be paid by the federal government, and not by Selective.  *See Van Holt*, 163 F.3d at 165 (stating that "regardless whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insured's claims").  Further, this statement is in accord with FEMA's longstanding position upon this issue, and particularly with FEMA's explanations to the Fifth Circuit in its *amicus curiae* brief in *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005).

3

8.   The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own Program carriers participating in the NFIP are all governed by federal law, not state law.  *See West v. Harris,* 573 F.2d 873 (5th Cir. 1978), *cert. denied,* 440 U.S. 946 (1979).  In *West,* the court stated:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*West,* 573 F.2d at 881.

## C.   FEDERAL JURISDICTION

### i.   42 U.S.C. § 4072 - Original, Exclusive Jurisdiction

9.   42 U.S.C. § 4072 is a powerful command that conveys "original, exclusive" jurisdiction over claims handling matters.  *See Van Holt,* 163 F.3d at 167 (holding that § 4072 "vests district courts with original exclusive jurisdiction over suits by claimants against WYO companies based on partial or total disallowance of claims for insurance arising out of the National Flood Insurance Act"); *see also Jamal v. Travelers Lloyds of Texas Ins. Co.,* 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (holding that "[j]urisdiction over such claims against the Program is exclusively federal) citing *Smith v. National Flood Ins. Prog.,* 796 F.2d 90, 92 (5th Cir. 1986); *Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d 386, FN 4 (9th Cir. 2000), *cert denied,* 531 U.S. 927 (2000).

10. Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss."   Certainly, Selective is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiffs were fully aware of the requirement of filing in federal court.  Further, because the SFIP is a codified

4

federal regulation, Plaintiffs are charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

11. In this case, Plaintiffs are making a claim against Selective for alleged negligence and/or misrepresentations made by defendants Conover Beyer and Mary Ann McMahon, who Plaintiffs allege were agents of Selective. *See* Ex. A. Plaintiffs' Complaint is vague in terms of when they assert the alleged misrepresentations and/or negligence occurred. Thus, it is unclear whether Plaintiffs are essentially asserting breach of contract claims against Selective. If Plaintiffs are alleging breach of contract, this Court has exclusive jurisdiction. *See C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.,* 386 F.3d 263, 271-72 (3d Cir. 2004) (a state claim "sounding in tort" but "intimately related to the disallowance of [an] insurance claim" is essentially a contractual claim and therefore within the exclusive jurisdiction of the federal courts.); *see also Van Holt,* 163 F.3d at 167 (holding that § 4072 "vests district courts with original exclusive jurisdiction over suits by claimants against WYO companies based on partial or total disallowance of claims for insurance arising out of the National Flood Insurance Act").

### ii.    28 U.S.C. § 1331 - Federal Question Jurisdiction

12. As a second basis for federal jurisdiction, Selective asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the National Flood Insurance Act of 1968, as amended.  (42 U.S.C. § 4001, *et seq.*). Claims paid under an SFIP are paid with U.S. Treasury funds, and, therefore, the Appropriations Clause of the U.S. Constitution controls and requires that the terms for payment of U.S. Treasury funds be strictly construed and enforced.  *See Gowland*, 143 F.3d at 953.  As per the terms of the SFIP, "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*), and federal common law." 44 C.F.R.

Pt. 61, App. A(1), Article IX.  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists under 28 U.S.C. § 1331.

13. Additionally, in order to determine what, if any, benefits the Plaintiffs are or were entitled to receive, the Court will necessarily have to interpret the SFIP and other federal laws, regulations and statutes.  As the SFIP is itself a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any amounts due under the SFIP will require the interpretation of a federal law, which presents a federal question.  *See Jamal,* 97 F. Supp. 2d. at 805; *see also Battle v. Seibels Bruce Ins. Co.,* 288 F.3d 596, 606-07 (4th Cir. 2002) (extra-contractual claims arising out of claims for benefits under the NFIP state a federal question and as such, may not be remanded to the state courts).

14. Further, the factual allegations in Plaintiffs' Complaint suggest that any alleged misrepresentations or negligence made by defendants Conover Beyer and McMahon on behalf of Selective were not made during the procurement of the insurance policy, but rather concern statements made during the claims handling.  Courts have held that state law claims involving alleged mishandling of a claim are preempted by the NFIA. *Messa v. Omaha Prop. & Cas. Ins. Co.,* 122 F. Supp. 2d 513, 521-22 (D.N.J. 2000), (holding that extra-contractual claims which arose from the insurer's alleged mishandling of the claim, as opposed to improper acts of policy procurement, were preempted by NFIA.); *Gallup v. Omaha Prop. & Cas. Ins. Co.,* 434 F.3d 341, 345 (5th Cir. 2005) (holding that Article IX expressly preempts any and all "state law tort claims arising from claims handling.").

15. Even if this Court determined that the alleged conduct occurred during the procurement of the insurance policy, federal courts have held that certain state law claims based on policy procurement are preempted as a matter of conflict preemption. *See Moffett v. Computer Sciences Corporation,* 457 F. Supp. 2d 571, 588 (D.Md. 2006) (holding that plaintiffs' state law claims of

procurement fraud and fraud in the adjustment were preempted as a matter of conflict preemption, as federal funds may well be at stake when procurement fraud is alleged and such allegations may impose on FEMA costs related to the defense of such claims.). Plaintiffs state law claims should likewise be preempted as a matter of conflict preemption. Therefore, as a separate basis for removal, there is also federal question jurisdiction under 28 U.S.C. § 1331, and the case is therefore also removable pursuant to 28 U.S.C. § 1441.

16. Pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331, and by operation of 28 U.S.C. § 1441, Selective asserts that there are multiple federal questions presented within Plaintiffs' Complaint which make the action removable pursuant to 28 U.S.C. § 1331, and because this Court has "original, exclusive" jurisdiction over this case pursuant to 42 U.S.C. § 4072.

**D.      THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIM**

17. To the extent that any of Plaintiffs' claims are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "…the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; *see Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611, 2620 (2005).

18. Federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Winkler v. State Farm Fire*, 266 F. Supp. 2d 509, 513-14 (S.D. Miss. 2003); *see also Jamal, supra.* Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F. Supp. 2d at 514.

**E.      PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

19. Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

setting forth the claim for relief upon which such action or proceeding is based…" *Id.; see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Plaintiffs filed the Complaint on November 8, 2013.  Selective was served with the Complaint on November 15, 2013 and, therefore, this notice of removal, filed on December 6, 2013, is timely filed.

   20. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 4072, and 44 C.F.R. Pt. 61, App. A(1), Article VII (R), as the property at issue is encompassed by the jurisdictional territory of this Court.

   21. Unanimous consent of all defendants is not a precondition to removal where the federal courts have exclusive jurisdiction over the cause of action upon which removal is based.  *See Ackerman v. Nat'l Prop. Analysts, Inc.*, No. 92 Civ. 0022, 1992 WL 84477, at *1 (S.D.N.Y.1992); *see also CCW Management, LLC, v. Global Holdings Group, LLC.*, 2011 WL 3678647 (D.S.C. 2011) ("Because this court has exclusive jurisdiction over Plaintiff's federal securities claim, consent of all the served Defendants is not required."); *State Med. Equip. Co. v. Farber*, Civ. A. No. 95–2596, 1995 WL 339024, at *2 (E.D.Pa.1995) ("Where federal courts have exclusive jurisdiction the requirement that all defendants must consent to removal must yield to logic, as there can be no way for any defendant to prevent removal of a case to federal court when that case can only be heard in federal court."); *Santa Rosa Med. Ctr., Inc. v. Converse of Puerto Rico, Inc.*, 706 F.Supp. 111, 113 n. 3 (D.P.R. 1988) ("Of course, if federal jurisdiction were exclusive, the consent of all defendants would not be required to remove.").

   22. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of the Complaint. No other processes, pleadings or orders have been served on Selective to date.

   23. A notice to Plaintiffs and to the New Jersey Superior Court, Ocean County, was filed and served in the underlying action concurrently herewith.

PHIL1 3268952v.1

## CONCLUSION

WHEREFORE, Defendant Selective respectfully requests that this Court deems this Notice of Removal good and sufficient, and that this matter be removed from the New Jersey Superior Court of Ocean County to the docket of this Honorable Court.

Respectfully Submitted:

 /s/ Sean P. Whalen
Sean P. Whalen, Esq.
KLEHR HARRISON HARVEY
BRANZBURG LLP
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220
 (215) 569-4092 (tel.)
(215) 568-6603 (fax)

Brent Burns, Esq. (*pro hac vice* to be filed)
KING, KREBS & JURGENS, PLLC
201 St. Charles Ave.
45th Floor
New Orleans, LA 70170

*Attorneys for Defendant*

Dated:  December 6, 2013

PHIL1 3268952v.1

# EXHIBIT A

**SUMMONS**

*Personally served 11/15/13 2:20 pm [handwritten]*

Attorney(s) __LAW OFFICE OF STUART P. SCHLEM__

Office Address __34 East Main Street-Second Floor__

Town, State, Zip Code __Freehold, New Jersey 07728__

Telephone Number __(732) 851-6560__

Attorney(s) for Plaintiff _____

__LINDA L. FRANCESE and ROCCO R. GIORDANO__

        Plaintiff(s)

     Vs.

__NARRAGANSETT BAY INS. CO, SICA CONSTRUCTIO__
__INC., SELECTIVE INS CO OF AMERICA, CONOVER__
        Defendant(s)

**Superior Court of New Jersey**

__OCEAN__ COUNTY

__LAW__ DIVISION

Docket No: __L-3167-13__

**CIVIL ACTION**
**SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                        *Jennifer M. Perez [signature]*
_____
            Clerk of the Superior Court

DATED: __11/08/2013__

Name of Defendant to Be Served: __Selective Insurance Company of America__

Address of Defendant to Be Served: __40 Wantage Avenue, Branchville, NJ 07890__

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street,  Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010



STUART P. SCHLEM, ESQ.
34 East Main Street
Freehold, New Jersey 07728
(732) 851-6560 fax (732) 972-0664
spschlem@schlemlaw.com
Attorney for Plaintiffs Linda L. Francese
and Rocco R. Giordano
------------------------------------------------------X

LINDA L. FRANCESE and
ROCCO R. GIORDANO

                        Plaintiffs,

    v.

NARRAGANSETT BAY INSURANCE
COMPANY, SICA CONSTRUCTION,
INC., SELECTIVE INSURANCE
COMPANY OF AMERICA, CONOVER
BEYER ASSOCIATES, INC. and
MARYANN McMAHON

                        Defendants.
------------------------------------------------------X

SUPERIOR COURT OF NEW JERSEY
OCEAN COUNTY:LAW DIVISION

DOCKET NO.: 23167-13

**COMPLAINT AND JURY DEMAND**

      Plaintiffs, Linda L. Francese and Rocco R. Giordano, complaining of the defendants

herein, allege as follows:

      First: At all times herein mentioned, the plaintiffs were residents of the State of

New Jersey, County of Ocean, residing at 111 Lake Point Drive, Brick, New Jersey.

      Second:    At all times herein mentioned, the plaintiffs were the owners of the

premises 111 Lake Point Drive, Brick, New Jersey (hereinafter "the premises").

      Third:      At all times herein mentioned, the defendant Narragansett Bay

Insurance Company (hereinafter "NBIC") was and still is a corporation duly organized and

1

existing under and by virtue of the laws of one of the States of the United States of America, with principal offices located at 25 Maple Street, Pawtucket, Rhode Island 02862.

Fourth:        At all times herein mentioned, the defendant NBIC was duly authorized to issue policies of insurance within the State of New Jersey.

Fifth:        At all times herein mentioned, the defendant Sica Construction, Inc. (hereinafter "Sica") was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America, with offices located at 1938 Route 37 East, Toms River, New Jersey 08753.

Sixth:        At all times herein mentioned, the defendant Selective Insurance Company of America (hereinafter "Selective"), was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America, with offices located at 40 Wantage Avenue, Branchville, New Jersey 07890.

Seventh:        At all times herein mentioned, the defendant Selective was duly authorized to issue policies of insurance within the State of New Jersey.

Eighth:        At all times herein mentioned, the defendant Conover Beyer Associates, Inc. (hereinafter "Conover Beyer") was and still is a corporation duly organized and existing under and by virtue of the laws of one of the states of the United States of America, with offices located at 2600 Highway 35, Manasquan, New Jersey 08736.

Ninth:        At all times herein mentioned, the defendant Mary Ann McMahon (hereinafter "McMahon") was a resident of the State of New Jersey and County of Ocean,

2

maintaining offices at 2600 Highway 35, Manasquan, New Jersey 08736.

Tenth:  At all times herein mentioned, the defendant McMahon was an officer of the defendant Conover Beyer and an agent of the defendants Selective and NBIC.

Eleventh:  At all times herein mentioned, the defendants Conover Beyer and McMahon were insurance agents duly licensed by the State of New Jersey.

Twelfth:  At all times herein mentioned, the defendants Conover Beyer and McMahon were agents of the defendants NBIC and Selective.

Thirteenth:  Heretofore and beginning in 2009 and continuing into 2010, plaintiffs constructed a forty (40) foot high, three story modular home at the subject premises. Twenty-four (24) CCA treated for foundation timber pilings were driven to a depth of twenty (20') feet by Acme Pile Company using a compactor/driver at the site. The modular pieces were placed upon the pilings and assembled by defendant Sica.

Fourteenth:  During the course of construction of their home, the plaintiffs did maintain builder's risk insurance coverage for the subject property.

Fifteenth:  Upon completion of their home at the subject premises, the lowest level of the house was enclosed so as to create a garage and other storage areas on a concrete slab surrounding the twenty-four (24) pilings utilized to support the modular structures assembled above. The interior walls of the lowest level were finished so as to create additional living areas.

Sixteenth:  At the request of the defendant McMahon, both individually and in her capacity as an officer of the defendant Conover Beyer and an agent of the defendant

3

Selective, plaintiffs did furnish a copy of an Elevation Certificate for the subject premises detailing the building elevation information and providing four (4) photographs depicting the subject premises.

Seventeenth: In or about 2010, the plaintiffs did purchase flood insurance from the defendant Selective through the offices of defendants Conover Beyer and McMahon.

Eighteenth:   The policy of flood insurance purchased by plaintiffs from defendant Selective through of offices of defendants Conover Beyer and McMahon included contents coverage for plaintiffs' personal property.

Nineteenth:   Heretofore and prior to January 4, 2012, the defendant McMahon, both individually and in her capacity as an officer of the defendant Conover Beyer and an agent of the defendant Selective, did advise the plaintiffs that the flood insurance issued by defendant Selective covered contents on the garage level of the subject premises.

Twentieth:   Plaintiffs did rely upon the representations of the defendant McMahon, both individually and in her capacity as an officer of the defendant Conover Beyer and an agent of the defendant Selective.

Twenty-First:     The policy of flood insurance purchased by plaintiffs from defendant Selective through the offices of defendants Conover Beyer and McMahon were periodically renewed through January 4, 2011.

Twenty-Second:     On or about August 28, 2011, Hurricane Irene struck the Jersey Shore, including Brick Township where plaintiffs maintain their residence.

Twenty-Third:     On or about November 29, 2011, plaintiff Linda Francese

4

notified defendant McMahon, both individually and in her capacity as an officer of defendant Conover Beyer and an agent of the defendant Selective, that the flood insurance policy then in effect failed to include coverage for contents as a result of damage caused by flooding.

Twenty-Fourth:     On or about January 4, 2012, defendant Selective made and issued its renewal policy of flood insurance, bearing policy number FLD1301179, wherein and whereby defendant Selective did insure the plaintiffs' premises to an amount not exceeding the sum of $250,000.00 for the one year period commencing January 4, 2012 and ending on January 4, 2013.

Twenty-Fifth:     In or about 2010, the plaintiffs did purchase homeowners insurance from the defendant NBIC through the offices of defendants Conover Beyer and McMahon.

Twenty-Sixth:     The aforesaid homeowner's policy of insurance purchased by the plaintiffs from the defendant NBIC through the offices of defendants Conover Beyer and McMahon was periodically renewed through October 6, 2012.

Twenty-Seventh:     Heretofore and on or about October 6, 2012, the defendant NBIC made and issued its renewal policy of insurance, bearing policy number 3H29014963, wherein and whereby the defendant NBIC did insure the plaintiffs' premises at 111 Lake Point Drive, Brick, New Jersey against all risks of loss, including the peril of windstorm, to an amount not exceeding the sum of $468,000.00, for the one year period commencing October 6, 2012 and ending October 6, 2013.

Twenty-Eighth:       Heretofore and on or about October 29, 2012, the post-tropical storm known as SuperStorm Sandy struck the Jersey Shore, including the plaintiffs' premises.

Twenty-Ninth:       As a result of the effects of SuperStorm Sandy, plaintiffs' premises sustained damage caused by wind and wind-driven rain to the modular sections of their home, and flood damage to the contents maintained on the first floor level of the premises.

Thirtieth:       Subsequent to SuperStorm Sandy, plaintiffs were advised that they did not have coverage for the contents of their home located on the first floor of the premises or the interior walls constructed to create additional living space.  Plaintiffs were further advised that the contents and interior walls on the lowest level would not have been covered for that location.

Thirty-First:  Had the plaintiffs been advised that the interior walls and contents were not covered, plaintiffs would not have expended money to finish the interior walls, nor store their contents on the lowest level of their home.

Thirty-Second:  Subsequent to SuperStorm Sandy, plaintiffs did notify defendant NBIC of the damages sustained to the modular portions of their home.

Thirty-Third:   Subsequent to SuperStorm Sandy, the plaintiffs filed a claim with the defendant NBIC for damages to the modular portions of their home.

Thirty-Fourth:   Defendant NBIC has failed and refused to indemnify plaintiffs for the damages to the modular portions of their home.

6

Thirty-Fifth:    Subsequent to the assembly of the modular portions of their home, the plaintiffs did discover certain defects in said assembly by the defendant Sica.

Thirty-Sixth:    Plaintiffs did thereafter make claims to the defendant Sica for the repair of the defects discovered subsequent to the assembly of the modular portions of their home.

Thirty-Seventh:   Defendant Sica has failed and refused to effectuate said repairs to the modular portions of the plaintiffs' home.

## FIRST COUNT

Thirty-Eighth:    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs of the Complaint marked "First" through "Thirty-Seventh" with the same full force and effect as though fully set forth at length herein.

Thirty-Ninth:   By reason of the breach of contract on the part of the defendant NBIC in failing to indemnify plaintiffs for the damages sustained to the modular portions of their home as a result of wind and wind-driven rain, plaintiffs have sustained damages.

WHEREFORE, plaintiffs Linda L. Francese and Rocco R. Giordano demand judgment against the defendant Narragansett Bay Insurance Company on the First Count of the Complaint for compensatory damages, together with reasonable attorney's fees, interest and costs of suit.

## SECOND COUNT

Fortieth:    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs of the Complaint marked "First" through "Thirty-Ninth" with the

7

same full force and effect as though fully set forth at length herein.

Forty-First:   Every contract entered into in the State of New Jersey contains an implied covenant of good faith and fair dealing.

Forty-Second:      The defendant NBIC did fail to properly investigate plaintiffs' claim for wind and wind-driven rain damage by retaining the services of an engineer whose sole purpose was to determine a cause of loss other than a covered peril under plaintiffs' policy of insurance.

Forty-Third:      The defendant NBIC did thus breach the implied covenant of good faith and fair dealing in its relationship with the plaintiffs herein.

Forty-Fourth:      By reason of the breach of the covenant of good faith and fair dealing, the plaintiffs have sustained damages.

WHEREFORE, plaintiffs Linda L. Francese and Rocco R. Giordano demand judgment against the defendant Narragansett Bay Insurance Company on the Second Count of the Complaint for compensatory damages and punitive damages, together with reasonable attorney's fees, interest and costs of suit.

## THIRD COUNT

Forty-Fifth:   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs of the Complaint marked "First" through "Forty-Fourth" with the same full force and effect as though fully set forth at length herein.

Forty-Sixth:   The contract entered into between the plaintiffs and the defendant Sica contained an implied warranty of merchantability.

8

Forty-Seventh:    The defendant Sica did breach the implied warranty of merchantability by failing to properly assemble the subject modular home.

Forty-Eighth:    By reason of the breach of the implied warranty of merchantability, the plaintiffs have sustained damages.

WHEREFORE, plaintiffs Linda L. Francese and Rocco R. Giordano demand judgment against the defendant Sica Construction, Inc. on the Third Count of the Complaint for compensatory damages, together with reasonable attorney's fees, interest and costs of suit.

<u>FOURTH COUNT</u>

Forty-Ninth: Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs of the Complaint marked "First" through "Forty-Eighth" with the same full force and effect as though fully set forth at length herein.

Fiftieth:    The contract entered into between the plaintiffs and the defendant Sica contained an implied warranty of fitness for a particular purpose.

Fifty-First:    The plaintiffs did rely upon the defendant Sica to properly assemble the modular portions of their home.

Fifty-Second:    The defendant Sica did breach the implied warranty of fitness for a particular purpose by failing to properly assemble the subject modular home.

Fifty-Third:    By reason of the breach of the implied warranty of fitness for a particular purpose, the plaintiffs have sustained damages.

WHEREFORE, plaintiffs Linda L. Francese and Rocco R. Giordano demand

9

judgment against the defendant Sica Construction, Inc. on the Fourth Count of the Complaint for compensatory damages. together with reasonable attorney's fees, interest and costs of suit.

### FIFTH COUNT

Fifty-Fourth:        Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs of the Complaint marked "First" through "Fifty-Third" with the same full force and effect as though fully set forth at length herein.

Fifty-Fifth:        The contract entered into between the plaintiffs and the defendant Sica contained an implied warranty of workmanlike quality of services.

Fifty-Sixth:        The plaintiffs did rely upon the defendant Sica to properly assemble the modular portions of their home.

Fifty-Seventh:        The defendant Sica did breach the implied warranty of workmanlike quality of services by failing to properly assemble the subject modular home.

Fifty-Eighth: By reason of the breach of the implied warranty of workmanlike quality of services, the plaintiffs have sustained damages.

WHEREFORE, plaintiffs Linda L. Francese and Rocco R. Giordano demand judgment against the defendant Sica Construction, Inc. on the Fifth Count of the Complaint for compensatory damages, together with reasonable attorney's fees, interest and costs of suit.

10

## SIXTH COUNT

Fifty-Ninth:          Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs of the Complaint marked "First" through "Fifty-Eighth" with the same full force and effect as though fully set forth at length herein.

Sixtieth:          Defendants Conover Beyer and McMahon owed a duty to the plaintiffs to provide accurate advice and information relative to the policies of insurance purchased by the plaintiffs through the offices of defendant Conover Beyer.

Sixty-First:    Defendants Conover Beyer and McMahon breached their duty to the plaintiffs by improperly advising plaintiffs that the policy of flood insurance purchased from the defendant Selective would insure the interior walls and contents contained within the lowest level of the subject premises.

Sixty-Second: By reason of negligence on the part of the defendants Conover Beyer and McMahon, the plaintiffs have sustained damages.

WHEREFORE, plaintiffs Linda L. Francese and Rocco R. Giordano demand judgment against the defendants Conover Beyer Associates, Inc. and Mary Ann McMahon on the Sixth Count of the Complaint for compensatory damages, together with reasonable attorney's fees, interest and costs of suit.

## SEVENTH COUNT

Sixty-Third:          Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs of the Complaint marked "First" through "Sixty-Second" with the same full force and effect as though fully set forth at length herein.

11

Sixty-Fourth:          By reason of the misrepresentations made by defendant McMahon, both individually and in her capacity as an officer of the defendant Conover Beyer, plaintiffs have sustained damages.

WHEREFORE, plaintiffs Linda L. Francese and Rocco R. Giordano demand judgment against the defendants Conover Beyer Associates, Inc. and Mary Ann McMahon on the Seventh Count of the Complaint for compensatory damages, together with reasonable attorney's fees, interest and costs of suit.

### EIGHTH COUNT

Sixty-Fifth:          Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs of the Complaint marked "First" through "Sixty-Fourth" with the same full force and effect as though fully set forth at length herein.

Sixty-Sixth:   At all times herein mentioned, the defendants Conover Beyer and/or McMahon were agents of the defendant Selective.

Sixty-Seventh:          At no time did the defendant Selective advise the plaintiffs of any limitations to its agency relationship with defendants Conover Beyer and/or McMahon.

Sixty-Eighth: The defendant Selective is charged with the knowledge and information provided to its agents, including defendants Conover Beyer and McMahon.

Sixty-Ninth: The defendant Selective was charged with the misrepresentations made by defendants Conover Beyer and/or McMahon in their representation of the interests of defendant Selective.

12

Seventieth:        The defendant Selective is charged with the misrepresentations made by its agents Conover Beyer and/or McMahon.

Seventy-First:        By reason of the negligence and/or misrepresentations made by the defendant Selective through its agents, defendants Conover Beyer and/or McMahon, the plaintiffs have sustained damages.

WHEREFORE, plaintiffs Linda L. Francese and Rocco R. Giordano demand judgment against the defendant Selective Insurance Company of America on the Eighth Count of the Complaint for compensatory damages, together with reasonable attorney's fees, interest and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of all issues in this litigation.

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Stuart P. Schlem, Esq. as trial counsel in the above matter.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

13

Dated: October 25, 2013

 

STUART P. SCHLEM, ESQ.
Attorney for Plaintiffs Linda L. Francese
and Rocco R. Giordano

**Appendix XII-B1**



| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|

**CIVIL CASE INFORMATION STATEMENT**

**(CIS)**

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐CK ☐CG ☐CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| STUART P. SCHLEM, ESQ. | (732) 851-6560 | Ocean |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| LAW OFFICE OF STUART P. SCHLEM | α 3/67 - 13 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 34 East Main Street-Second Floor Freehold, New Jersey 07728 | Complaint |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| LINDA L. FRANCESE and ROCCO R. GIORDANO | Linda L. Francese and Rocco R. Giordano v. Narragansett Bay Ins Co, Sica Construction, Inc., Selective Ins Co of America, Conover Beyer Associates, Inc. and MaryAnn McMahon |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|
| 599 | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ■ YES ☐ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ■ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

RECEIVED & FILED

OCT 2 8 2013

SUPERIOR CT. OCEAN

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED? ☐ Yes ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 05-07-2012, CN: 10517-English

page 1 of 2

OCEAN COUNTY SUPERIOR COURT
OCEAN COUNTY COURTHOUSE
CIVIL LAW DIVISION
TOMS RIVER          NJ 08754

COURT TELEPHONE NO. (732) 929-2016
COURT HOURS

                                          TRACK ASSIGNMENT NOTICE

                    DATE:    OCTOBER 30, 2013
                    RE:      FRANCESE VS NARRAGANSETT BAY INSURANCE
                    DOCKET:  OCN L -003167 13

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS    300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON MARK A. TRONCONE

        IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:     (732) 929-4771 EXT 4771.

        IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                    ATTENTION:

                              STUART P. SCHLEM
                              34 E MAIN ST 2ND FLR
                              FREEHOLD          NJ 07728

JUAMH6

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December 2013 I electronically filed the foregoing

Notice of Removal with the Clerk of the Court using the CM/ECF system and served same via first

class mail as follows:

**STUART SCHLEM, ESQUIRE**
Law Office of Stuart P. Schlem
34 East Main Street, 2nd Floor
Freehold, NJ 07728
*Attorney for Plaintiffs*

**NARRAGANSETT BAY INSURANCE**          **SICA CONSTRUCTION, INC.**
**COMPANY**                             1938 Route 37 East
25 Maple Street                         Toms River, NJ 08753
Pawtucket, Rhode Island 02862           *Co-Defendant*
*Co-Defendant*

**CONOVER BEYER ASSOCIATES, INC.**      **MARYANN MCMAHON**
2600 Highway 35                         2600 Highway 35
Manasquan, NJ 08736                     Manasquan, NJ 08736
*Co-Defendant*                          *Co-Defendant*


                                         /s/ Sean P. Whalen
                                        Sean P. Whalen, Esq